UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 01-56(2)(DSD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWANDA CLINTON,<br><br>Defendant. | ) | **ORDER OF DETENTION PENDING FINAL HEARING ON ALLEGATIONS OF PROBATION VIOLATIONS** |

This matter came before the Court on September 15, 2006, for a preliminary hearing upon allegations of probation violations and upon the motion of the United States for an Order of Detention. The defendant was personally present together with her attorney, Manvir Atwal, Assistant Federal Public Defender; the United States was represented by Assistant United States Attorney Tracy Perzel.

The government pursued the violation set forth in U.S. Probation Officer David Duncan's September 8, 2006 letter to Judge Doty. The allegation is that the defendant had conditions of probation to include following the instructions of the probation officer, notifying her probation officer ten days prior to changing her residence, and participating in a program for drug and alcohol abuse as directed by her probation officer and that the defendant violated these conditions.

At the preliminary revocation and detention hearing, the

Court had before it a copy of Probation Officer David Duncan's September 8, 2006 letter to Judge Doty and a Petition on Probation also signed by U.S. Probation Officer David Duncan. The Court also received testimony from U.S. Probation Officer Duncan regarding the violation and the issue of detention.

Based upon the record, the Court finds that there is probable cause to believe that the defendant has violated the conditions of probation by failing to comply with urinalysis testing, failing to notify the probation officer of a change in her residence, and failing to complete aftercare for her drug and alcohol program. The Court will also grant the government's motion for detention.

## FINDINGS OF FACT

On November 8, 2001, the defendant pled guilty in the United States District Court for the District of Minnesota to Bank Fraud, in violation of Title 18, United States Code, Sections 1344 and 2. The defendant was sentenced to five years of probation. Conditions of probation included the conditions that the defendant follow the instructions of the probation officer, notify her probation officer ten days prior to changing her residence, and participate in a program for drug and alcohol abuse as directed by her probation officer.

The Petition on Probation, Probation Officer Duncan's letter

to Judge Doty, and Probation Officer Duncan's testimony indicate that while on probation the defendant has had multiple violations of probationary conductions including eight violations for "drug use." The instant violation alleges that the defendant failed to provide a urine sample within the requisite two hour time frame despite instructions to do so by her probation officer; the defendant moved to St. Paul from Rochester, Minnesota, and failed to notify her probation officer; and the defendant failed to complete the aftercare component of her drug and alcohol treatment.

**LEGAL ANALYSIS**

Revocation of probation is governed by Title 18, United States Code, Section 3565, which provides that probation may be revoked or modified following a hearing that complies with the requirements of Fed. R. Crim. P. 32.1. Subpart (6) of that rule, in turn, provides that during the time between an allegation of a probation violation and final revocation hearing a judicial officer may order a defendant detained or released upon the same criteria as are used for defendants awaiting pending sentencing or appeal. Those criteria are set forth at Title 18, United States Code, Section 3143(a).

Such defendants should be detained unless the judicial officer makes a finding that the person is not likely to flee

and further, is not likely to pose a danger to the safety of any other person or the community, 18 U.S.C. § 3143(a).

Given the defendant’s pattern of conduct while on probation and her alleged refusal to comply with probationary conditions, the defendant is a danger to herself, her children and the community.

**CONCLUSION**

IT IS HEREBY ORDERED:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending trial;

3. Defendant shall be afforded reasonable opportunity to consult privately with her lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: September 21, 2006

_s/Susan Richard Nelson____
Susan R. Nelson
United States Magistrate Judge